UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 C 6253 |
| ) | |
| JOHN POTTER, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Steven Plotkin to dismiss the complaint of Plaintiff Jennifer Robinson pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted.

## **BACKGROUND**

According to the allegations of the complaint, which we must accept as true for purposes of this motion, Robinson is a former employee of the United States Postal Service. She has sued her former employer for alleged violations of the Age Discrimination in Employment Act, the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964 as well as retaliation. Plotkin is a private attorney who represented Robinson in an appeal before the Equal Employment

Opportunity Commission ("EEOC"). The complaint describes some interactions between Plotkin and Robinson with regard to payment for his professional services and appears to express displeasure with Plotkin's representation.

On February 11 and April 7, 2009, Robinson failed to appear for a previously scheduled court appearance. She was informed on both occasions that failure to appear could result in dismissal of her complaint. After the instant motion was filed, a schedule was set wherein Robinson was to respond by May 5, 2009. On that date, she requested and received an extension of her response date to May 21. The order admonished her that no further extensions would be allowed. Despite all these cautionary statements regarding the consequences of failing to actively prosecute her claims, Robinson did not file a response.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To state a claim on which relief

can be granted, a plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). The court will apply the notice-pleading standard on a case-by-case basis to evaluate whether recovery is plausible. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

With these principles in mind, we turn to Plotkin's motion.

## DISCUSSION

As stated above, Robinson has not responded to the instant motion or moved to amend the complaint to provide a set of allegations that would explain the basis for a claim against Plotkin under any of the federal statutes she has invoked in her complaint. Thus, she stands on her complaint as it currently appears, and the allegations it contains do not provide sufficient detail to apprise Plotkin of the nature of the claim she is making against him. Moreover, the failure to oppose a motion forfeits a party's ability to challenge the validity of the arguments made within it.

*See Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007); *see also Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001). The effect of her silence is an acquiescence to Plotkin's positions that the complaint does not state a cognizable claim as to him. Accordingly, Plotkin's 12(b)(6) motion is granted and the portion of the complaint directed at him is dismissed.

## CONCLUSION

Based on the foregoing, the motion to dismiss Steven J. Plotkin is granted.

/s/ Charles P. Kocoras

**Charles P. Kocoras**
**United States District Judge**

**Dated:   July 1, 2009**